IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| D'Andre Alexander,<br><br>Plaintiff,<br><br>v.<br><br>1328 Uptown, Inc., d/b/a Bar Louie et al,<br><br>Defendant. | Case No.:  18-cv-1544-ECT-ECW<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO EXCLUDE EXPERTS UNDER FED. R. EVID. 702 AND *DAUBERT*** |

## INTRODUCTION

Defendant 1328 Uptown, Inc., d/b/a Bar Louie submits this memorandum of law in support of its motions under Federal Rule of Evidence 702 and *Daubert* to exclude Dr. Norman Cohen.

## RELEVANT FACTS

The Pretrial Scheduling Order set the deadline for the party with the burden of persuasion to disclose the identities of experts under Rule 26(a)(2)(A) on or before July 15, 2019 and the full disclosures required by Rule 26(a)(2)(B) and Rule 26(a)(2)(C) by January 22, 2019. Dkt. 24 at 3-4; Dkt. 86.

On July 19, 2019, Plaintiff served his disclosure of Identification of Expert Witnesses. (Tomsche Declaration, Ex. 4).  Plaintiff identified six experts: (1) Uzma Samadani, M.D., Ph.D., to testify regarding Plaintiff's injuries and future medical care; (2) Jan Lowe, QRC, to testify regarding vocational rehabilitation; (3) Rebecca E. Czarnik, RN, MS, CLNC, LNCP-C, CNLCP (r), CMSP-F, to testifying regarding life care planning; (4)

Patrick Schmidt, ASA, MBA, to testify regarding economics; (5) Howard Cannon, to testify regarding alcohol liability, premises liability, safety and security, management neglect, workplace violence, restaurant operations, restaurant/bar industry standards and best practices, and customer/employee injuries; and (6) Jonathan Van Berkom, B.S., D.V.M., M.S., to testify regarding forensic toxicology and intoxication. (Tomsche Declaration, Ex. 4).

On January 20, 2020, Plaintiff produced reports from the six experts identified above. (Tomsche Declaration, ¶ 16; *see also* Tomsche Declaration, Ex. 1, 3, 5, 6).

In opposition to Bar Louie's motion for summary judgment, Plaintiff attached as an exhibit a report from Norman J. Cohen, Ph.D. Dkt. 115. The report indicates Dr. Cohen performed a psychological evaluation of Plaintiff on November 11, 2019. Dkt. 115. Plaintiff did not disclose the identity of Dr. Cohen as an expert pursuant to Rule 26(a)(2)(A), nor provide disclosures pursuant to Rule 26(a)(2)(B) and Rule 26(a)(2)(C). (Tomsche Declaration, Ex. 4 and ¶ 17).

On January 20, 2020 – after receiving Plaintiff's full expert disclosures which did not include any disclosures pertaining to Dr. Cohen – Bar Louie's counsel wrote to Plaintiff's counsel inquiring why Dr. Cohen was not disclosed as an expert. (Tomsche Declaration, Ex. 8). On January 27, 2020, counsel for the parties discussed Plaintiff's lack of disclosure of Dr. Cohen and Plaintiff's counsel agreed Dr. Cohen would not be called as a witness at trial. (Tomsche Declaration, Ex. 8). The substance of this conversation was memorialized in a letter from Bar Louie's counsel to Plaintiff's counsel dated February 4, 2020, which states in relevant part:

> You clarified that at this time, Plaintiff does not intend to call Dr. Cohen to testify at trial. Thus, no disclosure is required.
>
> Further, in the event Plaintiff changes his mind and supplements his disclosures to include Dr. Cohen as an expert he might call to testify at trial, you will not object to Bar Louie obtaining its own psychological evaluation of Plaintiff at that time.

(Tomsche Declaration, Ex. 9). Plaintiff's counsel did not object or otherwise respond to the letter. (Tomsche Declaration, ¶ 18). Plaintiff has never disclosed nor produced reports from any additional experts, including Dr. Cohen. (Tomsche Declaration, ¶¶ 17, 19).

## ANALYSIS

**I. FEDERAL RULE OF EVIDENCE 702 AND *DAUBERT* REQUIRE THE DISTRICT COURT TO SERVE AS THE GATEKEEPER TO ASSURE THAT EXPERT TESTIMONY IS RELEVANT AND RELIABLE.**

Federal Rule of Evidence 702 provides that:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b)  the testimony is based on sufficient facts or data;

(c)  the testimony is the product of reliable principles and methods; and

(d)  the expert has reliably applied the principles and methods to the facts of the case.

The proponent of expert testimony has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence. *Wagner v. Hesston Corp.*, 450 F.3d 756, 758 (8th Cir. 2006).

The Federal Rules of Evidence assign to the trial court the task of performing a gatekeeping function with respect to expert testimony. Advisory Committee Notes, 2000 Amendments, Fed.R.Evid. 702. The Supreme Court's opinion in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), charged trial judges with the responsibility of acting as gatekeepers to exclude unreliable expert testimony. The gatekeeper function applies to all expert testimony, not just testimony based in science. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

In *Daubert*, the Supreme Court set forth a number of facts that district courts may consider in assessing reliability: (1) whether the theory "can be (and has been) tested," (2) whether the theory "has been subject to peer review and publication," (3) "the known or potential rate of error," and (4) whether the theory enjoys general acceptance in the relevant scientific community. 509 U.S. at 593–94. Cases decided after *Daubert* provide additional factors, including "whether the expertise was developed for litigation or naturally flowed from the expert's research." *Lauzon v. Senco Prods., Inc.,* 270 F.3d 681, 687 (8th Cir. 2001).

*Daubert* makes clear that the district court must "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. *J.B. Hunt Transp., Inc. v. Gen. Motors Corp.*, 243 F.3d 441, 444 (8th Cir. 2001). Expert testimony which does not relate to any issue in the case is not relevant and, ergo, nonhelpful. *Sorensen By & Through Dunbar v. Shaklee Corp.*, 31 F.3d 638, 648 (8th Cir. 1994) (citation omitted).

Even if expert testimony survives the threshold scrutiny under Rule 702, it is subject to further review under Rule 403. *Daubert*, 509 U.S. at 595. "Expert evidence can be both

powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses." *Id*. (citation omitted).

### II. DR. NORMAN COHEN MUST BE PRECLUDED FROM OFFERING EXPERT OPINIONS OR OTHERWISE TESTIFYING AT TRIAL.

Federal Rule of Civil Procedure 26(2)(B) requires that parties provide disclosures for all witnesses that a party intends to provide expert testimony. Under Rule 26(a)(2)(B), for witnesses that are retained or specially employed to provide expert testimony, the party must disclose a report containing a complete statement of all opinions, the facts or data considered in forming them, any exhibits used to summarize or support the opinions, the witness's qualifications, a list of previous testimony, and a statement of compensation. Under Rule 26(a)(2)(C), for all other expert witnesses, the party must disclose the subject matter on which the witness is expected to testify and a summary of the facts and opinions to which the witness is expected to testify. "A party that ... fails to disclose information required by Rule 26(a) ... shall not be permitted to use [the nondisclosed information] as evidence at a trial, at a hearing, or on a motion" "unless such failure is harmless" or there was "substantial justification" for the failure. *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998) (citing Rule 37(c)(1).

Plaintiff did not disclose Dr. Norman Cohen as an expert witness pursuant to either Rule 26(a)(2)(B) or Rule 26(a)(2)(C). Further, following Plaintiff's non-disclosure of Dr. Cohen, Plaintiff's counsel was specifically asked whether he intended to call Dr. Cohen as

a witness and Plaintiff's counsel agreed he would not call Dr. Cohen. Nonetheless, Plaintiff has now included Dr. Cohen on his Witness List, though Plaintiff indicates he is calling Dr. Cohen as a fact witness.

Plaintiff must be precluded from calling Dr. Cohen as a witness at trial, under either the designation of an expert witness or a fact witness. Dr. Cohen must be prohibited from testifying as an expert because he has never been disclosed as an expert. There is no justification for a late disclosure of Dr. Cohen as an expert. Plaintiff's counsel was in receipt of Dr. Cohen's report two years ago and purposely chose not to disclose him as an expert. Plaintiff's counsel specifically represented that he did not intend to call Dr. Cohen as a witness. Plaintiff's failure to disclose Dr. Cohen is not harmless. To the contrary, Bar Louie would be prejudiced if Dr. Cohen were permitted to testify because Bar Louie did not seek an independent psychological examination of Plaintiff based on the fact that Plaintiff did not disclose a psychologist as an expert.

Dr. Cohen cannot be called as a lay witness at trial. It appears that Plaintiff is attempting to circumvent the expert disclosure requirements by purporting to call Dr. Cohen as a lay witness, rather than an expert witness. However, regardless of Plaintiff's categorization, Dr. Cohen's only relationship to Plaintiff is in his capacity as a medical professional in which he performed a psychological evaluation. Any testimony by Dr. Cohen would necessarily be categorized as expert testimony because it would be based upon his role as a psychologist. As a result, Dr. Cohen must be precluded from testifying.

## CONCLUSION

Based on the foregoing, Defendant 1328 Uptown, Inc., d/b/a Bar Louie respectfully requests the Court grant its motion to exclude Dr. Norman Cohen under Federal Rule of Evidence 702 and *Daubert*.


Dated: January 3, 2022            By: */s/ Steven E. Tomsche*
Steven E. Tomsche, Esq. (#190561)
Kelly P. Magnus, Esq. (#0397569)
**TOMSCHE, SONNESYN, & TOMSCHE, P.A.**
1000 Shelard Pkwy, Suite 400
Minneapolis, MN 55426
T: (763) 521-4499
stomsche@tstlaw.com
kmagnus@tstlaw.com

*Attorneys for Defendant*
*1328 Uptown, Inc., d/b/a Bar Louie*